IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID OWEN DAWES, 1056930, | § | |
| Petitioner, | § | |
| VS. | § | NO. 3-05-CV-946-G |
| | § | (Consolidated wit |
| NATHANIEL QUARTERMAN, Director | § | 3:05-CV-955-G) |
| Texas Department of Criminal Justice, | § | ECF |
| Correctional Institutions Division | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

## I.  Procedural Background

Petitioner challenges two convictions for aggravated kidnaping.  *State of Texas v. David

Owen Dawes*, Nos. F-0055757-LN and F-0073646-UN (195th Jud. Dist. Ct., Dallas County, Tex.,

Aug. 16, 2001).  Petitioner was sentenced to twenty years confinement on each conviction, to

run concurrently.  On June 28, 2002, the Fifth District Court of Appeals affirmed Petitioner's

convictions.  *Dawes v. State*, Nos. 05-01-01375-CR and 05-01-01376-CR (Tex. App. – Dallas,

June 28, 2002, pet. ref'd.).  On January 15, 2003, the Court of Criminal Appeals refused

Petitioner's petitions for discretionary review.  *Dawes v. State*, PDR Nos. 1175-02 and 1176-02.

On April 8, 2004, Petitioner filed state petitions for writ of habeas corpus challenging

each of his convictions.  *Ex parte Dawes*, Nos. 59,162-01 and -02.  On May 4, 2005, the Court of

Criminal Appeals denied the petitions without written order on the findings of the trial court.

On May 10, 2005, Petitioner filed this federal petition.  He argues he received ineffective

assistance of counsel because counsel: (1) failed to advise him that the facts of the offense

supported the lesser charge of unlawful restraint; (2) failed to advise Petitioner that the most

severe sentence he could receive was twenty years imprisonment for a second degree felony; and

(3) during the punishment phase, failed to object to leading questions and failed to cross-

examine the victim witnesses.

## II.  Discussion

### 1.      Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)      An application for writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a state court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication
> of the claim –
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case.  *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on

the merits in state court after April 24, 1996.  *See Lindh*, 521 U.S. at 336.  The petition in this

case is subject to review under the AEDPA.

**2.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1)

counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so

gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be

highly deferential" and "every effort [must] be made to eliminate the distorting effects of

hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings

would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d

309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a

different outcome is not sufficient to prevail on the prejudice prong."  *Id.*  "Rather, the defendant

must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"

*Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

(A) Unlawful Restraint

Petitioner argues his counsel induced him to plead guilty without first informing him that the facts of the case could support the lesser charge of unlawful restraint.  (Pet. at 5; Pet. Mem. at 6).  Under Texas law, unlawful restraint is defined as follows: "A person commits an offense if he intentionally or knowingly retrains another person."  TEX. PENAL CODE § 20.02(a). Aggravated kidnaping is defined as follows: "A person commits an offense if the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense."  TEX. PENAL CODE § 20.04(b).

In this case, the victim, Patricia Rhodes, testified that she allowed Petitioner to come inside her house to make a phone call.  Petitioner then stun-gunned her in the back and pointed a handgun at her head.  (Trial Tr. Vol. 3 at 13-15).  Petitioner then handcuffed her and dragged her down the hallway to a bedroom.  (*Id.* at 15-16).  When Steve Rhodes, Ms. Rhodes' husband, came home, Petitioner opened the door and pointed the gun at Steve Rhodes' head, and told Mr. Rhodes to come in the apartment.  (*Id.* at 19-21, 30).

On state habeas review, Petitioner's defense attorney submitted an affidavit stating: "At no time did I believe Mr. Dawes could prevail in any forum on a lesser charge of Unlawful Restraint.  I so advised Mr. Dawes of my belief. . . . . Arguing Unlawful Restraint would not have been a credible argument under the facts of the case."  (Clerk's Record at 31-32).

The record shows the victims testified that Petitioner used a deadly weapon.  Petitioner also admitted to using the stun gun and that he displayed a handgun.  (Trial Tr. Vol. 3 at 42; 44; 51).  Using or exhibiting a deadly weapon renders the charge an aggravated kidnaping.  *See* TEX. PENAL CODE § 20.04(b).  The Court finds that the state court's decision to deny relief on this

claim of ineffective assistance of counsel is not contrary to or does not involve an unreasonable

application of clearly established federal law and is not based on an unreasonable determination

of the facts in light of the evidence presented in the state court proceedings.

(B) Failure to Investigate

Petitioner argues his counsel failed to investigate the law and the facts of the case.  He

states defense counsel told him that he knew the judge and if Petitioner entered an open plea of

guilty, the judge would sentence him to four to six years.  He states his counsel told him that if

he did not plead guilty and went to trial before a jury, the jury would sentence him to life

imprisonment.  He argues that counsel was ineffective because he failed to inform Petitioner that

"if he went to trial and was found guilty, counsel could prove by a preponderance of the

evidence that he released the victims in a safe place, and the offenses would be second degree

felonies and the most severe sentence Petitioner could receive was a twenty year sentence."

(Pet. Mem. at 6-7).

Defense counsel submitted an affidavit on state habeas review.  Counsel stated in

pertinent part:

> On March 20, 2001, the day Mr. Dawes agreed to retain me and on March 29,
> 2001, I met with Mr. Dawes to review the charges and discuss the possible application of
> law to the charges and facts as he described them to me.  I reviewed with him sections
> 20.04, 20.03, and 20.01 of the Texas Penal Code.  In particular I pointed out section
> 20.04(d).  I had many subsequent discussions with Mr. Dawes about the application of
> the law, his rights, and about the possibilities of trial, albeit judge or jury, or plea.  I
> believed Mr. Dawes to be of better than average intelligence and that he had no difficulty
> understanding any of the things we discussed.  All decisions as to whether to go to trial or
> plea were made by Mr. Dawes after full disclosure by me as to the potential
> consequences.  The informed decision Mr. Dawes made was a strategic one to attempt to
> get twenty or fewer years as opposed to a possible life sentence.  The prosecutor never
> came off a thirty (30) year recommendation despite section 20.04(d).  My recollection is
> that at sentencing, I argued that we had proved that the alleged victim was released in a
> safe place, that the maximum should be twenty years, but that Mr. Dawes should receive

less.  The judge reviewed the statute and agreed with me that the maximum was twenty years.

* * * *

I spent 52.9 hours in my representation of Mr. Dawes.  This included, but was not limited to, numerous conversations with the prosecutor, conferences with potential witnesses, conferences with Mr. Dawes, legal research, review of evidence, and preparation for hearing.  Mr. Dawes (sic) assertion that I knew the judge and thereby he could receive 4-6 years is false and ludicrous.  I fully informed Mr. Dawes of all the possibilities with all of the potential penalty ranges, and in particular section 20.04 which is what I argued to the prosecutor and the judge.

(Clerk's Record at 31).

The record reflects that during sentencing, counsel argued that under § 20.04 of the Texas

Penal Code, the maximum sentence applicable to Petitioner was twenty years.  (Trial Tr. Vol. 3

at 68).  Section 20.04 states in pertinent part:

(d)      At the punishment stage of a trial, the defendant may raise the issue as to whether he voluntarily released the victim in a safe place.  If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree.

The trial judge agreed with defense counsel's argument, and found that the maximum

sentence applicable to Petitioner was twenty years.  Petitioner's claim that his counsel did not

investigate the applicability of § 20.04(d) is without merit.  Further, if Petitioner had proceeded

to a jury trial on the punishment issue, it would have been a jury question as to whether

Petitioner's conduct complied with § 20.04(d).  Petitioner has failed to show his counsel was

ineffective for failing to investigate the law or facts of his case.

(C) Failure to Object or Cross-Examine

Petitioner argues his counsel was ineffective during the punishment phase because he: (1)

failed to object to the prosecutor's leading questions; (2) failed to object to narrative answers;

and (3) failed to cross-examine the victim witnesses, "despite the importance of the issues related to releasing the victims in a safe place and the lesser offense of unlawful restraint." (Pet. at 6; Pet. Mem. at 7).

As discussed above, Petitioner's counsel successfully argued that Petitioner released his victims in a safe place. The trial judge therefore found that the maximum sentence applicable to Petitioner was twenty years. Petitioner's allegation that his counsel was ineffective regarding Petitioner's claim that he left his victims in a safe place is without merit and should be denied. Further, as to Petitioner's claim that his counsel did not sufficiently protect his claims regarding a lesser offense, Petitioner had already pleaded guilty to aggravated kidnaping at the time of the punishment hearing. Petitioner's claims are without merit and should be denied.

### 3.      Guilty Plea

To the extent that Petitioner argues his guilty pleas were involuntary, his claims also fail. As a general rule, a defendant may not collaterally attack a voluntary and intelligent guilty plea. *Taylor v. Whitley*, 933 F.2d 325, 327 (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) and *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Before the trial court may accept a guilty plea, it must ensure that the defendant "has a full understanding of what the plea connotes and of its consequences." *Taylor*, 3933 F.2d at 330 (5th Cir. 1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is involuntary, and therefore insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Taylor*, 933 F.2d at 330 (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

In this case, Petitioner has not shown that his plea was involuntary. The record shows

Petitioner was admonished as to the charges and possible punishment.  Petitioner signed waivers

stating that his plea was voluntary:

> With the approval of counsel, defendant makes the following statements and waivers.  I am the accused in the charging instrument and am mentally competent.  I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere* . . . .  I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by an consideration, fear, persuasion, or delusive hope of pardon or parole.
>
> * * * *
>
> I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made will full understanding of the consequences.  I request that the Court accept all my waivers, statements agreements, and my plea.

(Clerk's Records at 6-7 and 8-9).

Further, a review of the trial transcripts shows that the court admonished Petitioner as to

the charges and possible sentence.  (Trial Tr. Vol. 2 at 4-8).  The Court finds Petitioner's plea

was voluntarily and knowingly made.

**4.   Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is

not contrary to or does not involve an unreasonable application of clearly established federal law

and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

Signed this 2nd day of August, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and

recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to

object to these findings and recommendations must file and serve written objections within ten

(10) days after being served with a copy.  A party filing objections must specifically identify

those findings and recommendations to which objections are being made.  The District Court

need not consider frivolous, conclusory or general objections.  The failure to file such written

objections to these proposed findings and recommendations shall bar that party from a *de novo*

determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally,

the failure to file written objections to proposed findings and recommendations within ten (10)

days after being served with a copy shall bar the aggrieved party from appealing the factual

findings and legal conclusions of the Magistrate Judge that are accepted by the District Court,

except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1417 (5th Cir. 1996) (en banc).